NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAYFA DAWOOD, | No.    12-72116 |
| Petitioner, | Agency No. A095-875-213 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2018**
Pasadena, California

Before:  RAWLINSON, MELLOY,*** and HURWITZ, Circuit Judges.

Hayfa Dawood, a native and citizen of Ethiopia, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Michael J. Melloy, United States Circuit Judge for the
U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

the denial by an Immigration Judge ("IJ") of applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supported the IJ's findings that Dawood's declaration and testimony were not credible and that, absent the discredited testimony, Dawood did not establish eligibility for relief. In a pre-REAL ID case such as this one, an IJ must base his adverse credibility determination on reasons that "go to the heart of petitioner's claim." *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004). Dawood's declaration repeated verbatim excerpts from a declaration filed in support of an earlier asylum application by another applicant; she gave inconsistent testimony about how she wrote the declaration; and expert analysis revealed that her documentary evidence had been fabricated. These inconsistencies considered collectively go to the heart of her claims. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).[1]

2. The IJ did not deny Dawood due process by admitting the other applicant's declaration into evidence. Any probative evidence can be considered in an immigration proceeding if "its admission is fundamentally fair." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003). The other declaration was probative of

---

[1] Because Dawood filed her application in 2002, the REAL ID Act of 2005, Pub. L. No. 109–13, does not apply. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010).

Dawood's credibility, because of its virtual identity to portions of her declaration. The IJ ensured fairness by providing Dawood an opportunity to explain the similarities between the declarations. *See Matter of R-K-K-*, 26 I. & N. Dec. 658, 661 (BIA 2015). Moreover, when asked if he objected to the introduction of the other declaration, Dawood's attorney said "no."

3. The BIA declined to consider Dawood's argument that the IJ denied her due process by failing to enter a forensic report into evidence and not allowing her to cross-examine the preparer of the report. Dawood failed to raise the arguments to the IJ and therefore failed to exhaust them. We also may not consider them. *See Sola v. Holder,* 720 F.3d 1134, 1135 (9th Cir. 2013).

**PETITION DENIED.**